[Civ. No. 16939. Second Dist., Div. Two. June 7, 1949.]

VICTOR F. GREENE, Appellant, v. MAX S. SALISBURY et al., Respondents.

Benjamin D. Brown for Appellant.

Geo. W. Rochester for Respondents.

WILSON, J.—Action for damages for alleged trespass. From a judgment in favor of defendants plaintiff has appealed.

Plaintiff, with his wife and children, were tenants in possession of a dwelling in Los Angeles of which defendants were the owners. Defendant Max Salisbury, a veteran, having no home and needing a place of abode for himself and family, obtained a certificate relating to eviction from the Office of Price Administration and served it on plaintiff. Upon his refusal to vacate the premises defendants commenced an action for unlawful detainer in the municipal court against plaintiff and his wife. Summons and complaint were served on plaintiff's wife. Plaintiff was at home when the papers were served on her and knew that efforts were being made to serve him with process.

Judgment was entered against plaintiff's wife. A writ of possession was issued and placed in the hands of the marshal who moved plaintiff's furniture from the living-dining room into other rooms in the house and placed defendants in possession of that room.

After publication of the summons as to plaintiff, judgment was entered against him for immediate possession, whereupon he vacated the house. He then brought this action for damages for alleged humiliation, "mental suffering, fright and anguish," and for loss of the use of the room for five days.

Plaintiff testified that he was present when the summons and complaint were served on his wife and knew that the action was to obtain possession of the house; he left the city with that knowledge; upon his return he moved defendants' furniture from the house into the garage and, in defiance of the writ of possession, repossessed the premises and locked defendants out of the house.

The court found that plaintiff's allegations with reference to damages asserted by him to have been suffered were not true. Plaintiff alleged several items of special damages claimed to have been the result of the unlawful detainer action but did not offer any evidence relating thereto, hence the finding

is correct. Since the sole object of the action, the recovery of damages, must fail for want of evidence, the other grounds discussed in the briefs need not be considered.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.